# In the United States District Court for the District of Columbia

----------------------------------------------------------------

**ANIS ATTIA**
6100 Buchanan Place, APT 4
West New York, NJ 07093

        Pro Se Plaintiff,

    v.

**UNITED STATES**
DEPARTMENT OF THE ARMY
101 Army Pentagon
Washington, DC 20310-0101

        Defendant.

----------------------------------------------------------------

Case: 1:21–cv–01063
Assigned To : Mehta, Amit P.
Assign. Date : 4/14/2021
Description: Pro Se Gen. Civ. (F–DECK)

## COMPLAINT

**COME NOW** the Plaintiff, Anis Attia, *Pro Se*, and complains of the defendant as follows:

### THE PARTIES

1.    Plaintiff ANIS ATTIA is a natural person and a citizen of the United States and of the State of New Jersey. He is a former Staff Sergeant ("SSG") in the Regular Component of the United States Army ("Army") who, on April 13, 2015, was placed in the Permanent Disability Retired List (Enhanced) under the provisions of Chapter 4, Army Regulation 635-40..

2.    Defendant Department of the Army ("Army") is the agency of the United States Department of Defense a federal government agency with its principal offices located in the District of Columbia.



1

JURISDICTION AND VENUE

3.      The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §

1346. Further, the Court does have general equity jurisdiction, it has the authority to grant the

equitable relief that Plaintiff seeks pursuant to 28 U.S.C. § 1346 because such relief is grounded

in the APA, the 5th amendment of the US Constitution, and 10 U.S.C. § 1552. Plaintiff's injury

occurred between throughout his military career until 12 April 2015 separation date. The APA

defines the scope of courts' review of agency actions. Specifically, the APA authorizes federal

courts to (1) decide all relevant questions of law; (2) interpret constitutional and statutory

provisions; and (3) determine the meaning or applicability of the terms of an agency action.

4.      Venue is proper because suits against government agencies or the U.S., may be brought,

pursuant to 28 U.S.C. § 1391(e), in any district in which a defendant in the action resides.

FACTUAL ALLEGATIONS

4.      Mr. Attia is a former enlisted member in the active duty component of the United States

Army; he was retired in 13 April 2015 due to permanent disability. The claims listed in this

complaint occurred between 1 October 2013 and 12 April 2015; they all derive from confusion

within the Army's personnel regarding Mr. Attia's pay entitlements following his reinstatement

into active duty, and errors committed by the Army Board for Correction of Military Records

("ABCMR") when it reached its decision dated 6 December 2012 that voided his unlawful

administrative discharge dated 14 April 2009 and ordered his reinstatement into active duty.

5.      In 2012, after a remand from the United States Court of Federal Claims, Mr. Attia

petitioned the ABCMR to correct his military records by voiding his military discharge. Mr.

Attia narrated in over 50 pages the injustices he faced because his medical conditions were not

addressed and the retaliations he suffered from when he complained about the lack of appropriate

medical care he received. Mr. Attia submitted evidence proving he was framed for charges that

formed the basis of his 2009 unlawful administrative discharge, and the fact the only instances in

his career where he was subjected to any negative counseling or non-judicial punishment can be

traced to the Traumatic Brain Injury he suffered from and should be deleted from his record.

6.      Mr. Attia further petitioned the ABCMR to issue a decision dispelling any false

allegations made about Mr. Attia's character and to assist in reviewing whether any awards

should be issues but didn't due to the false allegation or the medical conditions, whether any

performance reports must be corrected and whether academic reports and letters should be added

to his record to guide a promotion board in deciding whether Mr. Attia should have been

promoted to higher ranks had he not been unlawfully discharged and had he not received non

judicial punishments for actions that can be traced to untreated medical conditions.

7.      The ABCMR issued a decision in December 2012 voiding the unlawful discharge but

using a weird rationale that is usually labeled by the ABCMR as harmless error when denying

similar petitions. By doing so, the ABCMR avoided weighing in the framing and fabrication of

evidence issues presented by Mr. Attia. The ABCMR also denied that Mr. Attia had any medical

conditions that he was denied any proper medical care and did not address any of his claims to

correct his personnel record so he is fairly evaluated for awards, decorations, and promotion.

Finally, the ABCMR opined the mere reinstatement into Active Duty will resolve all the issues

not addressed by the board itself; unfortunately this will be proven to be untrue.

8.      The Army did not have a process through which it reinstates enlisted personnel whose

administrative discharges were voided. Therefore, Mr. Attia's reinstatement was handled by the

Army Recruiting Command ("USAREC") with the plaintiff being handled as if he was a prior

service enlisted. Mr. Attia had to go to the Army recruiting station in Brooklyn where he was directed by a recruiter to fill out forms for police background investigations, undergo drug testing, required to pass a physical fitness test and meet the height and weight standards, then get processed the Military Entrance Processing Station ("MEPS") in Brooklyn, NY. The whole process was weird; plaintiff even had to sign a new enlistment contract and attend an oath ceremony sometime in July 2013 then was told that his ship date to Fort Jackson, SC to report to Basic Training Reception Battalion was 1 October 2013. Mr. Attia's End Term of Enlistment ("ETS") date was 1 February 2014; however, the orders issuing software could not accept a timeline shorter than a year so two sets of orders were issued with the second sets amending the first one to show approximately a 20 weeks period of enlistment.

10.     Mr. Attia had to resolve several issues prior to "shipping"; among other thing, Mr Attia had to find out whether he will be taking uniforms and personal belongings as well as being to drive from Brooklyn to Fort Jackson. USAREC personnel had to keep getting direction from the Army Headquarters in Washington DC, they were all confused about the situation because of all the waivers applied to me, and couldn't wait until the responsibility shifts to the Training and Doctrine Command ("TRADOC"). Mr. Attia's Leave form to drive from Brooklyn to Fort Jackson wasn't signed until 1 October 2013 and he reported to Fort Jackson on 2 October 2013 to the 120th Adjutant General Battalion (Reception) ("120th AG") and was assigned to Headquarters and Headquarters Company ("HHC") as all prior service personnel do.

11.     Lack of coordination issues surfaced immediately; medical personnel didn't know Mr. Attia was to be treated as if he never left the military and they wanted to start processing him for separation because of what they perceived as previously existing medical conditions. Personnel security staff thought Mr. Attia was to attend the Advanced Individual Training ("AIT") for

4

Military Occupational Specialty ("MOS") 35M Human Intelligence Collection Specialist which required an Interim Top Secret Security Clearance which they determined they could not issue and recommended Mr. Attia to be either discharged or changed to another MOS not requiring a security clearance. Personnel in different Army installations did not know which one was responsible for handling Mr. Attia's Exceptional Family Member Program ("EFMP") case for his autistic child left behind in New York along with his spouse and other child. The Chain of Command believed he's not entitled to foreign language proficiency bonus ("FLPB") since he wasn't working as a 35M and lost the qualification according to personal security.

12.     The Chain of Command also told him he's not allowed for housing in the barracks since he's not waiting for shipping to AIT or another Military Installation like other prior service personnel, yet didn't sign the forms so he receive Basic Allowance for Subsistence ("BAS"). Additionally, Human Resources Command ("HRC") gave Defense Accounting and Finance Agency ("DFAS") wrong information regarding the Basic Active Service Date ("BASD") and Date of Rank ("DOR") which led to loss of pay and allowances. Furthermore, Mr. Attia discovered his enlisted record brief ("ERB") didn't reflect all his training, deployments, awards, military education, and had many other errors. Mr. Attia spent several weeks collaborating with the finance and personnel branches at Fort Jackson to make as many corrections as possible.

13.     Sometime circa third week of November 2013, after undergoing a medical evaluation, Mr. Attia was referred to the Medical Evaluation Board ("MEB") and placed in medical hold with assignment to HHC 120th AG. Immediately thereafter, the chain of command attempted having plaintiff transferred to the Warrior Transition Unit ("WTU") at Fort Jackson and Fort Gordon but those initial attempts were not fruitful. Meanwhile, Mr. Attia's ETS was extended 90 days to 1 May 2014.

14.     Circa mid-March 2014, Mr. Attia was informed the MEB referred his case the Physical Evaluation Board ("PEB") and his ETS will be extended to 1 August 2014. The attitude of the chain of the command was that Mr. Attia should be grateful for being reinstated and receiving back pay for the years he spent unlawfully discharged; they refused to sign any documents to review Mr. Attia's awards and decorations and address his promotion issues. This was despite plaintiff showing the chain of command correspondence he had with HRC promotion and award branches in which they advised him the chain of command cooperation is necessary to get his case addressed. Mr. Attia's ETS was further extended for 6 months in July 2014.

15.     The chain of command attempts to have plaintiff transferred to a WTU gained fruition in circa mid-August 2014 when he was approved for a 180 days temporary assignment at Fort Belvoir, VA. Mr. Attia was informed his temporary duty assignment ("TDY") will be changed to a Permanent Change of Station ("PCS") sometime in late October 2014. Mr. Attia later found out the Fort Jackson chain of command never submitted any requests to review his awards and promotion issues; in fact, he was told they claimed Mr. Attia was never assigned to their unit at Fort Jackson and instead of signing him out, they dropped him from the rolls.

16.     Mr. Attia had to take a long emergency leave (30 days or longer) and go back to Brooklyn because his father had a heart attack and was in Critical Care and eventually passed away. After returning from leave, Mr. Attia enquirer about his personnel and finance issues and was assured they are taken care of and that he has to focus on catching up with his medical needs since he hasn't seen any doctors for more than a month. However, soon after that, Mr. Attia was informed the PEB found him unfit for duty and recommended medical retirement with 80% Army rating and 100% Total and Permanent Veterans Affairs rating. Mr. Attia was directed to begin the retirement briefings and start the separation processing. Mr. Attia retirement leave

began on circa10 February 2015 and his Separation date was scheduled for 12 April 2015. On 10 April 2015, Mr. Attia travel to Fort Belvoir to find out about all the pending finance and personnel issues, and was surprised when he was handed a folder containing all his paperwork and told to petition the Board for Correction of Military Records to get what he's due.

17.      In circa late April 2018, Mr. Attia submitted 4 envelopes to the BCMR 1 of which contained the claims submitted in this complaints and 3 envelopes regarding pay matters which will submitted to the Court of Federal Claims. For the past 3 years, Mr. Attia communicated with BCMR personnel who misled him to believe they are handling all his claims, only to recently find out they were just running the clock for the Statute of Limitation to expire. In a letter dated 17 March 2021, the BCMR sent a letter to Mr. Attia only addressing his FLPB claim and the decision is so ambiguous, it seems the BCMR didn't even read what the plaintiff requested in his application. Plaintiff emailed BCMR personnel who claimed they only received one envelope despite stating otherwise in different emails. Due to the urgency of the situation, Mr. Attia is submitting this complaint without any evidence attached and will provide more details and clarity in future submissions when answering the government briefs.

### CLAIM I: Full Exoneration and STAB Review

18.      Mr. Attia's in 2018 reiterated to the ABCMR the need to clear his name from the false allegations made against him in order for him not to be perceived as the pervert and liar portrayed by the decision published by the ABCMR as well as the Army's Judge Advocate General, and Office of Inspector General. All these decision portray plaintiff as a pervert who posts nude pictures of himself in public domain and as a liar who cannot be trusted. Further, the ABCMR denials that Mr. Attia had any medical aliment prevent him from being credited for above and beyond duty performance while suffering from his medical conditions.

7

19.     Additionally, due process required plaintiff records to be reviewed by a Standby

Advisory Board ("STAB") for the years 2011 through 2013 for promotion to Sergeant First Class

("SFC") and had he been selected in a certain year, Mr. Attia would have been eligible for

consideration for a selection for a Promotion to Master Sergeant ("MSG") has been able to

attend the advanced noncommissioned officer course ("ANCOC") which is a requirement for the

promotion. Mr. Attia was only reviewed for promotion by the 2014 SFC Board and was not

selected due among other things to all the errors in his personnel file, missing performance

evaluations or the lack of explanations for such a record. Mr. Attia's last performance report

before his unlawful discharge was full of errors, he didn't get evaluated for almost a year before

the April 2009 discharge, he of course didn't get evaluated from April 200 to October 2013 and

no Memorandums were placed in his record to explain that, the ABCMR could have even added

an education evaluation for the Bachelor degree he received in 2010 and the master degree he

received in 2013. Mr. Attia wan not evaluated after his October 2013 reinstatement either.

20.     Mr. Attia pointed to the ABCMR how it omitted the fact he had medical conditions

impacted his chances of receiving awards; because of his sleep disorder caused by TBI he missed

a movement in 2005 which led to him being denied a valor award for actions while engaging the

enemy which also led to him receiving a Purple Heart medal, the same issue resulted in his PCS

award from Fort Bragg, NC to Hawaii downgraded to an Army Achievement Medal. Mr. Attia

also informed the ABCMR it had the sole authority to correct its record by seeking to award him

a awards for the 2008 training deployment in Fort Irwin which was only denied because of non-

judicial punishment related to action caused by untreated medical condition; mainly irritability

due to PTSD and TBI, as well as a PCS award from Hawaii. Mr. Attia described all the work he

has done with possible corroborating witness and the chain of command during every event.

8

Finally, plaintiff reported the denial of a retirement award due to these false allegations and requested a retirement award as well as being promoted to MSG for retirement purposes. In violation of the APA, and a in capricious and arbitrary manner, ABCMR staff claimed they did not receive such application, which leave plaintiff with the last alternative of petitioning to this court before the tolled Statute of Limitation expires.

## CLAIM II: Interests on the back pay claims

21.     The second claim plaintiff is making is regarding the back pay award he received and his eligibility for interest on all back pay resulting from correction of his records. The law is clear as it doesn't allow payment of interest without express congressional approval. Here, Congress violated the 5th Amendment by applying different standards to similarity positioned groups. Congress only authorized back pay interest for service members who wrongfully convicted by a court martial and for civilian employees who were wrongfully terminated and leaved out service members who were wrongfully discharged. This against the constitutional requirement of equal protection and this court should step up to protect those disenfranchised by congress.

## CLAIM III: Fringe Benefits as Pay

22.     In 2012, Mr. Attia petitioned the ABCMR and the Court of Federal Claims to reimburse plaintiff for the value of the health benefits, the Morale, Welfare and Recreation Programs, as well as the savings related to access and the military commissary and exchange stores. Mr. Attia could not pursue such claims after 2012 because there was no money mandating statutes to raise in the Court of Federal Claims, however, this court can determine whether the way the Army represents these benefits in its recruitment and as a way to retain personnel makes them subject to back pay claim and whether denying them is against the 5th Amendment's provisions.

## Claim IV: Education Debt and Article 15 Fine

23.     As stated above, Mr. Attia's untreated medical conditions caused him to receive an

Article 15 Non Judicial punishment which included a fine. Mr. Attia requested that as part of the

exoneration as the ABCMR has done with many other applicants with similar problems to have

the fine refunded. Mr. Attia also requested the Education debt he incurred for failing a few

course when he took Army Tuition Assistance ("TA") to be refunded since the failure of the

courses can be fairly attributed to the medical conditions.

## PRAYER FOR RELIEF

24.     Plaintiff has been dealing with these issues related to his unlawful discharge for more

than 10 years; he suffers from severe disabilities caused by his service to his country. Mr. Attia

also suffered financial hardship after his reinstatement due to pay and personnel issues.

**WHEREFORE**, pursuant to the provisions of the Administrative Procedure act and

the United States Constitution requests the following relief:

25.     Direct the ABCMR to fully exonerate MR. Attia, take appropriate action to correct all his

military records to reflect awards, decoration, and evaluations to allow a STAB to fairly evaluate

him against his peers at the time to advance to the rank of SFC, and if he meets the time in grade

("TIG") and time in service ("TIS") at the SFC rank to be evaluated for promotion to the rank of

MSG for retirement purposes only by waiving the ANCOC requirement for the rank.

26.     If the ABCMR determines or is informed that, due to all the issue in plaintiff's case, no

STAB will be able to evaluate him fairly, for the ABCMR to decide whether it should promote

Mr. Attia to those ranks as it has done to other applicants in the past. These previous decisions

were mentioned to the ABCMR when plaintiff petitioned for correction in 2018.

27.    Direct the ABCMR to correct plaintiff's records to expunge the no-judicial punishment, refund the fine plaintiff was subjected to in 2007 and correct plaintiff's record to show a refund for all the education debt he incurred when he failed certain courses funded by Army TA.

28.    Declare that excluding service members who were unlawfully discharge from receiving interest on their back pay claims is unconstitutional.

29.    Declare that all fringe pay elements use by the Armed services to recruit and retain personnel are subject to back pay claims..

Respectfully Submitted,

Dated; April 11, 2021

Anis Attia, Pro Se

(347) 424-5657

anis.attia.ny@gmail.com



PS100000000005

EP13C July 2020
OD: 11.625 x 15.125

USPS.COM/PICKUP

═══ UNITED STATES POSTAL SERVICE ® | PRIORITY MAIL EXPRESS ®

ILING /ELOPE
OMESTIC AND
NATIONAL USE

PRIORITY MAIL EXPRESS ®

**PAYMENT BY ACCOUNT** (if applicable)
USPS® Corporate Acct. No.        Federal Agency Acct. No. or Postal Service™ Acct. No.

EJ 685 521 999 US

U.S. POSTAGE PAID
PME ⊕
NEW YORK, NY
10001
APR 11 '21
AMOUNT
**$28.85**
R2305K13437E-06

1007

20001

**FROM:** (PLEASE PRINT)    PHONE ( ) 347-424-5657

ANIS ATTIA
6100 BOULEVARD EAST, APT 4
WEST NEW YORK, NJ 07093

**CUSTOMER USE ONLY**

**DELIVERY OPTIONS** (Customer Use Only)
☐ **SIGNATURE REQUIRED** Note: The mailer must check the "Signature Required" box if the mailer: 1) Requires the addressee's signature; OR 2) Purchases additional insurance; OR 3) Purchases COD service; OR 4) Purchases Return Receipt service. If the box is not checked, the Postal Service will leave the item in the addressee's mail receptacle or other secure location without attempting to obtain the addressee's signature on delivery.
Delivery Options
  ☐ No Saturday Delivery (delivered next business day)
  ☐ Sunday/Holiday Delivery Required (additional fee, where available*)
  ☐ 10:30 AM Delivery Required (additional fee, where available*)
  *Refer to USPS.com® or local Post Office™ for availability.

**TO:** (PLEASE PRINT)    PHONE ( )

CLERK, US DISTRICT COURT
333 Constitution Avenue, NW
WASHINGTON, DC

ZIP + 4® (U.S. ADDRESSES ONLY)
2 0 0 0 1

**ORIGIN (POSTAL SERVICE USE ONLY)**

PO ZIP Code            Scheduled Delivery Date (MM/DD/YY)
1 0 0 0 1                4/13/21

Day accepted (MM/DD/YY)    Scheduled Delivery Time
4/11/21                    ☐ 12:00 AM   ☐ 3:00 PM
                           ☑ 12 NOON

Time Accepted          ☐ AM   10:30 AM Delivery Fee
5:38               ☑ PM      $

Weight        Flat Rate    Acceptance Employee Initials
__ lbs. __ oz. ☐ or Flat Rate   PC

**DELIVERY (POSTAL SERVICE USE ONLY)**
Delivery Attempt (MM/DD/YY)   Time   ☐ AM   ☐ PM
Delivery Attempt (MM/DD/YY)   Time   ☐ AM   ☐ PM

Insured Express Delivery   ☐ Military   ☐ DPO
☐ 1-Day   ☐ 2-Day

Postage
$  28.85

Return Receipt Fee    Live Animal Transportation Fee
$                     $

Insurance Fee         COD Fee
$                     $

Sunday/Holiday Premium Fee    Total Postage & Fees
$                            $  28.85

Employee Signature

LABEL 11-B, MARCH 2019      PSN 7690-02-000-9996

**⇙ PEEL FROM THIS CORNER**

■ For pickup or USPS Tracking™, visit USPS.com or call 800-222-1811.
■ $100.00 insurance included.


UNITED STATES POSTAL SERVICE ®

UNITED STATES POSTAL SERVICE ®