UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ANIS ATTIA, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Case No. 21-cv-1063 (APM) |
| UNITED STATES, | ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM OPINION AND ORDER**

**I.**

Plaintiff Anis Attia, proceeding *pro se*, brings the instant action against Defendant United States Army Board for Correction of Military Records (the "Board") under the Administrative Procedure Act ("APA"), 5 U.S.C. § 702 (1976), and the Fifth Amendment to the U.S. Constitution. Plaintiff is a former Staff Sergeant in the United States Army. After Plaintiff was administratively discharged on April 14, 2009, he petitioned the Board for relief from discharge, and the Board found that the discharge was executed without proper authority. Consequently, the Board voided the discharge, corrected Plaintiff's record, and awarded back pay for the discharge period. Plaintiff received a portion of this pay in 2012 and another portion in 2022, after he had sued for the remainder of the award.

Plaintiff's "Claim III" of his amended complaint is titled "Fringe Benefits in Military Contracts." Pl.'s Am. Compl., ECF No. 6 [hereinafter Compl.], at 7. He alleges that his inability to collect interest on back pay and compensation for "fringe benefits" afforded to active-duty service members violates the APA and the Fifth Amendment to the U.S. Constitution. The Board moves to dismiss "Claim III" on two primary grounds: (1) the court lacks subject matter

jurisdiction under Rule 12(b)(1), and (2) the claim is "barred by the applicable six-year statute of limitations." Def.'s Partial Mot. to Dismiss, ECF No. 9 [hereinafter Def.'s Mot.], Def.'s Mem. of P. & A. in Supp. of Def.'s Partial Mot. to Dismiss, ECF No. 9-1 [hereinafter Def.'s Mem.], at 2–3.[1] Because Plaintiff explicitly seeks declaratory relief, and because it is not clear on the face of the complaint that the statute of limitations has run, the court denies Defendant's motion.

## II.

The court must dismiss a claim if it does not have subject matter jurisdiction. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006); *see* FED. R. CIV. P. 12(b)(1). To survive a motion to dismiss under Rule 12(b)(1), a plaintiff must show that the court has "subject matter jurisdiction over [the] claim by a preponderance of the evidence." *Ramirez v. Blinken*, 594 F. Supp. 3d 76, 85 (D.D.C. 2022). "[W]here necessary, the court may consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts" when resolving a motion under Rule 12(b)(1). *Coal. for Underground Expansion v. Mineta*, 333 F.3d 193, 198 (D.C. Cir. 2003) (quoting *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992)).

*Pro se* complaints, "however inartfully pleaded," are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam). Yet, the latitude provided to *pro se* litigants "does not constitute a license for a plaintiff filing *pro se* to ignore the Federal Rules of Civil Procedure." *Moore v. Agency for Int'l Dev.*, 994 F.2d 874, 876 (D.C. Cir. 1993) (internal quotation marks and citation omitted).

---

[1] The Board also moves to dismiss for lack of "venue," but that argument appears to be co-extensive with its subject matter jurisdiction argument.

### III.

The Board argues that "even construed liberally," Claim III "fails to establish this Court's jurisdiction" because the only justiciable remedy for the claim would be monetary damages, and the APA only "waives [the government's] sovereign immunity" when Plaintiff seeks "relief other than money damages." Def.'s Mem. at 5. The Board notes that "the United States Court of Appeals for the Federal Circuit has exclusive jurisdiction over appeals under the Tucker Act [28 U.S.C. § 1295(a)] for non-tort monetary damages against the United States," and concurrent jurisdiction with federal district courts under the "Little Tucker Act" for claims that are $10,000 or less. *Id*. The Board contends that this court lacks jurisdiction under the Tucker Act or Little Tucker Act because "Plaintiff has failed to tie his requested relief to a money mandating statute." *Id*. at 6.

To determine whether it has jurisdiction, the court must ask whether the plaintiff "in essence" seeks more than $10,000 in monetary relief from the federal government. *Kidwell v. Dep't of Army, Bd. for Correction of Mil. Recs.*, 56 F.3d 279, 284 (D.C. Cir. 1995). "A plaintiff does not 'in essence' seek monetary relief, however, merely because he or she hints at some interest in a monetary reward from the federal government or because success on the merits may obligate the United States to pay the complainant." *Id.* "Even where a monetary claim may be waiting on the sidelines, as long as the plaintiff's complaint only requests non-monetary relief that has 'considerable value' independent of any future potential for monetary relief," the court must "respect the plaintiff's choice of remedies and treat the complaint as something more than an artfully drafted effort to circumvent the jurisdiction of the Court of Federal Claims." *Id.* To that end, the D.C. Circuit has adopted what is has labeled a "bright line" rule "under which [it]

3

consider[s] cases to be based on the Tucker Act's waiver of sovereign immunity only if the plaintiff seeks money or the district court grants it." *Id.* at 285.

Plaintiff alleges, in support of Claim III, that Defendant violated his constitutional rights under the "Fifth Amendment" by "refus[ing] to reimburse the value of health insurance policy and . . . other benefits" as a component of back pay after he was unlawfully discharged from, and then reinstated to, the military. Compl. ¶ 18. Plaintiff nowhere makes an explicit demand for money damages. He asks only that the court "[d]eclare that all fringe pay elements" used for Defendant's recruitment and retention efforts are "subject to back pay claims." *Id*. ¶ 18(c); Pl.'s Answer to Def.'s Mot., ECF No. 12 [hereinafter Pl.'s Answer], at 1 ("Plaintiff is not asking the Court for any money."). That is a form of equitable relief available under the APA. The mere fact that Plaintiff's complaint might "hint[] at some interest in monetary reward" does not divest the court of jurisdiction. *Kidwell*, 56 F.3d at 284.[2]

*Statute of Limitations*. The Board contends that, even if this court has jurisdiction over Claim III, it "is barred by the applicable six-year statute of limitations" under either 28 U.S.C. § 2401 or 28 U.S.C. § 2501. Def.'s Mem. at 3, 7. Since Plaintiff's complaint did not provide a timeframe for which he seeks backpay of fringe benefits, Defendant submits that such timeframe should be the period of Plaintiff's constructive service, "from May 14, 2009 . . . until his reinstatement on to active duty on October 1, 2013." *Id.* at 7. Alternatively, the Board offers a more "generous view" of the time from which the statute of limitations would have started to

---

[2] The court does not now resolve whether it lacks jurisdiction as to Claim III because the claim does not have "considerable value" independent of any future monetary relief. *Kidwell*, 56 F.3d at 284. The Board has not made that argument. Although the court has an independent obligation to establish its jurisdiction, the court is reluctant to dismiss absent further briefing on that question. The Board may renew its jurisdictional argument at the summary judgment stage.

4

run, April 2015, upon Plaintiff's retirement from service. *Id.* Using this date, the Board posits that "[Plaintiff's] complaint would have been filed 18-months" late. *Id.* at 7–8.

Plaintiff's complaint, liberally construed, however, suggests an accrual date as late as April 2022. Specifically, he alleges that his claims "occurred between December 6, 2012 and April 12, 2022." Compl. ¶ 5. The April 2022 date corresponds with when he won the remainder of his back pay award—without interest or fringe benefits included—after suing the Defense Finance and Accounting Service. *Id*. ¶¶ 17–18.

The court need not opine on which of the alleged dates Plaintiff's claim accrued. At the motion to dismiss stage, it must be "clear from the face of the complaint" that a plaintiff "in fact acted outside the relevant statute of limitations." *Potts v. Howard Univ. Hosp.*, 258 Fed. App'x 346, 347 (D.C. Cir. 2007) (per curiam); *see also Smith–Haynie v. Dist. of Columbia*, 155 F.3d 575, 577–78 (D.C. Cir. 1998) (explaining that courts are hesitant to dismiss a complaint on statute of limitations grounds absent clear facts on the face of the complaint establishing the basis for dismissal). Given that the court affords leeway to *pro se* plaintiffs at the pleading stage and that it is not "clear from the face of the complaint" on which date the statute of limitations started to run, the court cannot dismiss the complaint based on Defendant's statute of limitations affirmative defense.

**IV.**

For the foregoing reasons, Defendant's Partial Motion to Dismiss, ECF No. 9, is denied.

Dated: August 15, 2023

Amit P. Mehta
United States District Court Judge